Welch, C. J.
Did the court err, either in refusing to-charge as requested, or in the instructions which it gave? We are of opinion that it did not.
The charge requested is based upon the theory that the alteration of the marginal figures, and filling up the blauk with a note corresponding to the alteration, is a forgery of the note. No ease is cited in support of this theory, and it seems to be well settled by authorities that such is uot the-law. Without the figures the blank signature was an authority to fill up with any sum, and the office of the figures was merely to limit the authority and to convey notice to parties interested of the fact of limitation. They were no part of the note, for there was no note of which they could form any part. The paper was a mere power of attorney,. *316 with private instructions given in such form as to be conspicuous, and not easily suppressed. It is the business of the principal to give notice to parties dealing with the agent of the fact of private instructions or limitations upon his authority. He must do so at his own risk, and if he adopts means to that end which prove ineffectual through the fault of his agent, the principal, and not the stranger, who has dealt with the agent in good faith, must suffer the loss. We think, therefore, that the court did not err in refusing to charge the jury that the fact of alteration would, of itself, and necessarily, discharge the surety.
Nor do we see on what ground it can be maintained that the court erred in the charge which it gave. The court ■charged the jury that if the plaintiff received the note with knowledge, or with reason to believe that the alteration had been made, he could not recover. This charge was voluntarily given by the court, and it is admitted to be good law so far as it goes. The objection is that the charge did not go farther, and inform the jury that the plaintiff’ could not recover if he had reason to suspect the alteration, or evidence to put him on inquiry. An obvious answer to this objection is, that the court were not requested so to charge. Eor aught that we can know, indeed, the court may so have charged, for the bill of exceptions does not purport to set forth all’ of the charge. The questions, therefore, mainly ■argued by counsel do not arise in. the ease. These questions are: 1. Whether there is in law any difference in such cases between “ reason to believe ” and evidence sufficient to put a party on inquiry; and, 2. Whether, if there is any such distinction, the latter is sufficient to defeat the right of a party failing to make the inquiry. These questions do not arise in the case, because there is nothing to show that the attention of the court was called to them, or if it was, to show what was said upon the subject by the court. The charge was good law so far as it went, and we think it was not calculated to mislead the jury, and that, under a general exception to the charge, without specially *317 calling the attention of the court to the matter at the time,, the plaintiff has no just ground to complain of the alleged omission.

Judgment affirmed.